JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
DOUGLAS J. HIGGINBOTHAM,

                     Plaintiff,                              **COMPLAINT**

          - against -                        **PLAINTIFF
                                                      DEMANDS A
                                                      TRIAL BY JURY**

CITY OF NEW YORK, POLICE OFFICER CURTIS
SYLVESTER, SHIELD 5060,  POLICE SERGEANT
CHRISTOPH TOMLINSON, SHIELD 3686,
POLICE CAPTAIN JOHN DOE,

                     Defendants.
-------------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1.     Plaintiff, DOUGLAS J. HIGGINBOTHAM, is a 40 year old male, who, at all times relevant to this action, was a resident of New York and a citizen of the United States.

2.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.     Upon information and belief, Defendant POLICE OFFICER CURTIS SYLVESTER, SHIELD 5060, was at all relevant times an officer with the NYPD assigned to the Queens North Task Force.  All actions by SYLVESTER complained of

1

herein were taken in the course of his employment and under color of law. SYLVESTER is being sued in both his individual and official capacities.

4. Upon information and belief, Defendant POLICE SERGEANT CHRISTOPH TOMLINSON, SHIELD 3686, was at all relevant times a uniformed officer with the NYPD assigned to the Queens North Task Force. All actions by TOMLINSON complained of herein were taken in the course of his employment and under color of law. TOMLINSON is being sued in both his individual and official capacities.

5. Upon information and belief, Defendant POLICE CAPTAIN JOHN DOE ("CAPTAIN"), a fictitious name of an unidentified person, was at all relevant times a uniformed officer with the NYPD acting in a supervisory capacity. All actions by Defendant CAPTAIN complained of herein were taken in the course of his employment and under color of law. Defendant CAPTAIN is being sued in both his individual and official capacities.

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

8. The instant action is commenced within three years of the date of accrual of all causes of action.

**FACTS GIVING RISE TO THE CLAIMS**

9. On November 15, 2011, at approximately 10:45 a.m., Plaintiff was working as a free-lance video-journalist for TV New Zealand covering an Occupy Wall Street ("OWS") demonstration in lower Manhattan.

10. During the course of the coverage, Plaintiff, whose press credentials were

clearly visible around a chain on his neck, climbed atop a telephone booth in order to get a better angle for taking the video.

11. While Plaintiff was taping the OWS protest, specifically an arrest that resulted in a significant injury to the person being arrested, Defendant CAPTAIN ordered Plaintiff to climb down from the telephone booth.

12. Plaintiff was unable to immediately comply with that order because there were so many people surrounding the booth.

13. As Plaintiff began to climb down, Defendants CAPTAIN, SYLVESTER and TOMLINSON began to pull his legs out from under him, causing Plaintiff to tumble to the ground.

14. Plaintiff was placed in plastic flexible handcuffs and walked from the scene by Defendants SYLVESTER and TOMLINSON.

15. Plaintiff was placed in a van and transported to an OWS processing center at the 1st Precinct where officers had to use a bread-knife to cut off the handcuffs. As a result, Plaintiff spent approximately three hours in handcuffs resulting in bruising and pain to his wrists.

16. Plaintiff was issued a Summons to appear in court by Defendant SYLVESTER and released after approximately five (5) hours in custody.

17. Plaintiff was charged with a single count of Disorderly Conduct based upon the false allegation that, with the intent to cause public inconvenience, annoyance or alarm, or recklessly causing a risk thereof, he congregated with other persons in a public place and refused to comply with a lawful order of the police to disperse.

18. All charges against Plaintiff were dismissed on February 17, 2012.

19.     As a result of the arrest, Plaintiff suffered damage to his personal property, specifically the video camera.

20.     In addition, because of the arrest resulted in international press coverage, Plaintiff lost significant income as various news outlets informed him that his services as a cameraman were no longer needed.

## FIRST CLAIM
(§1983 - FALSE ARREST)

21.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 of the Complaint as if incorporated and reiterated herein.

22.     By arresting Plaintiff without legal authority, Defendants SYLVESTER, TOMLINSON and CAPTAIN, individually and acting together, violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

23.     By reason thereof, Defendants SYLVESTER, TOMLINSON and CAPTAIN, violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM
(§1983 -  MALICIOUS PROSECUTION)

24.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 23 of the Complaint as if incorporated and reiterated herein.

25.     By initiating and pursuing a criminal charge where there was no basis for

such charge, SYLVESTER, TOMLINSON and CAPTAIN, individually and acting together, violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution by engaging in a malicious prosecution of the Plaintiff.

26.	By reason thereof, Defendants SYLVESTER, TOMLINSON and CAPTAIN violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## THIRD CLAIM
(§1983 - EXCESSIVE FORCE)

27.	Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 26 of the Complaint as if incorporated and reiterated herein.

28.	By using excessive force in placing Plaintiff under arrest, SYLVESTER, TOMLINSON and CAPTAIN, violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution under color of law.  Specifically, the right to be free from the use of excessive force under color of law.

29.	By reason thereof, Defendants SYLVESTER, TOMLINSON and CAPTAIN violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FOURTH CLAIM
(§1983 - ASSAULT)

30.	Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31. While acting under color of law, SYLVESTER, TOMLINSON and CAPTAIN, committed an intentional and violent assault against Plaintiff without legal cause or justification and in violation of his rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

32. By reason thereof, Defendants SYLVESTER, TOMLINSON and CAPTAIN violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## FIFTH CLAIM
(MONELL CLAIM)

33. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 32 of the Complaint as if incorporated and reiterated herein.

34. In response to the Occupy Wall Street demonstrations, NYC and the NYPD instituted a policy and practice of making mass arrests without probable cause and encouraging the use of excessive force in the course of such arrests as a punitive measure designed to discourage participation in these demonstrations. The high percentage of dismissals and declinations of prosecution is evidence that the policy was in place. In addition, there exist numerous videos of police officers, including high ranking officers with decision making authority within the NYPD, using excessive and unwarranted force against peaceful protestors.

35. Similarly, it became a policy and practice of NYC and the NYPD to impede and arrest those individuals who were observed photographing, videotaping or otherwise recording the illegal and unconstitutional acts of the NYPD; in all, at least 44 journalists

were arrested on 15 dates of OWS protests.

36. Included among those arrested while engaging in protected First Amendment news coverage, apart from Plaintiff, were reporters from the New York Daily News, the Associated Press, NPR, Vanity Fair and other news outlets.

37. Then Mayor Michael Bloomberg stated that the limitations placed on the media to prevent coverage of the November 15, 2011 raid on Zuccotti Park was intentionally designed to "prevent the situation from getting worse" and to protect members of the press.

38. The media outrage to these arrests became so pervasive that on November 23, 2011, then Commissioner Raymond Kelly was compelled to issue a memorandum to be read to all police officers not to unreasonably interfere with journalists' access to news events.

39. These acts by members of the NYPD constituted an intentional violation of the Plaintiff's First Amendment, Fourth Amendment and Eighth Amendment rights under the United States Constitution and were the direct cause of his false arrest, malicious prosecution and injury.

40. By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vii) Such other relief as the Court deems just and proper.

Dated: New York, New York
October 14, 2014

Goldberg & Allen, LLP
Attorneys for Plaintiff

By: _____
Jay K. Goldberg [JG-1294]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366