UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DOUGLAS HIGGINBOTHAM,

                            Plaintiff,

                    -against-

CITY OF NEW YORK, POLICE OFFICER
CURTIS SYLVESTER,
SHIELD 5060, POLICE SERGEANT
CHRISTOPHE TOMLINSON,
SHIELD 3686, POLICE CAPTAIN JOHN DOE,

                            Defendants.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8-28-15_

14-cv-8549 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

        The City of New York did not succeed on its first Rule 12(b)(6), Fed. R. Civ. P.,

motion in dismissing the false arrest and First Amendment retaliation claims. (Memorandum and

Order of May 12, 2015.)   It did not move to reconsider the Court's ruling.  It would now,

however, like a second shot at these claims on a renewed Rule 12(b)(6) motion and, this time,  it

seeks to have the Court consider video and still pictures of the incident.  It blithely cites to

Garcia v. Doe, 779 F.3d 84, 87-88 (2d Cir. 2015) for support for consideration of these materials,

quoting the Circuit as saying "we take as true the facts set forth in the complaint, [] to the extent

they are not contradicted by the video evidence."  Unmentioned is that early in the Garcia

opinion, the Court notes the plaintiffs attached videos and still pictures to their complaint,

thereby making them part of the challenged pleading.  The Court noted that "[w]e also consider

videos submitted by defendants, which plaintiffs concede are similarly incorporated into the

Complaint by reference."  Id.  The concession by plaintiffs that defendants' videos were

incorporated by reference into the plaintiffs' complaint foreclosed any challenge to the Court's reliance upon the videos.  There is no such concession here.

The video, like testimony of what people saw, heard and did, is matter outside the pleadings that may be proper to consider at trial or on a motion for summary judgment.  Matter outside the pleadings may not be considered on a Rule 12(b)(6) motion without converting it into a summary judgment motion, which this Court declines to do at this early juncture. See Friedl v. City of New York, 210 F.3d 79, 83–84 (2d Cir. 2000).  While materials attached to a complaint as an exhibit, materials incorporated into a complaint by reference or materials heavily relied upon in the complaint also may be considered, none of those exceptions are applicable to defendants' plan to submit video and still pictures.  See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991));  Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153) (2d Cir. 2002).

Defendants are free to move against the amended Monell claim and the newly-asserted claims against Captain Taffe provided they file their motion by September 21, 2015. Defendants shall answer the complaint as to all other claims by September 11, 2015.  In the exercise of discretion, discovery is stayed as to the Monell claim until further order of this Court. The parties shall submit a Case Management Plan and Proposed Scheduling Order as to all surviving non-Monell claims, including those against Captain Taffe, by September 21, 2015.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 27, 2015